G-abbibliíX, J.
The question presented is whether the denial of a party’s motion to vacate a guilty plea in a criminal action can act as collateral estoppel in a later action brought by the party against his attorney for malpractice based on the attorney’s advice to plead guilty in the criminal action. On the peculiar facts as we find them in this case we hold that the prior criminal adjudication does indeed block plaintiff’s current attempt to sue his attorney.
In 1968 plaintiff came to trial in United States District Court on an indictment charging him with conspiracy and with fraudulently obtaining immigration visas. During the course of the trial and after the prosecution presented testimony including an identification of plaintiff by an eyewitness, and after the opportunity for a weekend consultation with his attorney, defendant in the instant case, who had listened to a tape implicating plaintiff in the conspiracy, plaintiff and a codefendant entered a plea of guilty to the conspiracy count and a substan-. tive false statement count. Prior to accepting the plea of gxdlty the court conducted a thorough voir dire pursuant to rule 11 of the Federal Rules of Criminal Procedure to determine the voluntariness of the plea and whether plaintiff fully understood the consequences of the plea. The court also indicated that based on the testimony heard thus far in the case he was satisfied as to plaintiff’s guilt. "When plaintiff appeared for sentencing he was represented by a different attorney of record, who nevertheless had appeared on plaintiff’s behalf during the course of trial and stated, prior to a verdict, that petitioner was considering a withdrawal of his guilty plea. In light of this the court suggested that plaintiff and his new attorney of record might consider a motion to withdraw the guilty plea prior to sentencing. This option was not taken and plaintiff, in effect, threw himself on the court’s mercy claiming he was unaware that what he did was illegal. He and his new attorney clearly and unequivocally admitted at this point that he had indeed committed the acts with which he was charged. Although find *354 ing that plaintiff was the “ principal ” among the codefendants, and that he was the one who “ principally ” profited by it, the court only fined plaintiff $7,500 on the first count and handed out a one-year suspended sentence on the second count, the probation to be unsupervised.
Six months after his sentencing plaintiff moved to vacate his guilty plea and the judgment of conviction and sentence based thereon pursuant to section 2255 of title 28 of the U. S. Code on the ground that his plea was involuntary and pressured by counsel (defendant in the instant action) who was allegedly enmeshed in a conflict of interest.[1] Plaintiff produced no proof to substantiate this claim save an affidavit in which he proclaimed his own innocence and said that he told as much to a probation officer after the entry of the guilty plea (althbugh there was no affidavit to this effect by the probation officer); an affidavit by a codefendant who also entered a guilty plea on advice of the same counsel in which it is stated that plaintiff’s desire to continue with the trial was beaten down by counsel who wrongly convinced him that it would go easier if he pleaded since he would be convicted anyway; and an affidavit from an attorney, who initially had plaintiff’s case but who had to withdraw at an early stage because of illness, that plaintiff had never indicated to him that he was guilty of the charges and, in fact, proclaimed his innocence.
The court, in an unreported opinion, refused to grant the motion for vacatur finding that based on the court’s own voir dire examination plaintiff understood the charges he wished to plead to, conferred with counsel respecting those charges, and, last but not least, actually committed the acts charged. It was then stated:
“ Of course, the fact that a larger fine than expected may have been imposed upon petitioner affords no grounds for setting aside the judgment of conviction and plea. [Citations.] Nor do petitioner’s assertions that he was pressured by counsel to plead guilty require a hearing in view of the fact that such assertions were negatived by his own prior declarations before *355 this Court [citation] and totally contradicted by the record and petitioner’s conduct at sentencing.
“ The Government has filed a nolle prosequi as to the two codefendants whose trial ended in a ‘ hung jury ’ and declaration of mistrial. Petitioner, the principal and moving force behind this conspiracy, obviously seeks to invoke the discretion of this Court in the expectation that the Government will not initiate further prosecution against him. I cannot allow such a result.”
Thus having failed to extricate himself in the Federal proceedings, plaintiff now attempts to sue defendant, the attorney who advised the guilty plea, in malpractice. The Appellate Division majority has reversed Special Term’s denial of defendant’s motion for summary judgment, holding that the decision rendered in Federal court on plaintiff’s motion to vacate his plea and conviction is conclusive and binding on plaintiff insofar as it was determined that his “ assertions that he was pressured by counsel to plead guilty [were negative] * * * by his own prior declarations before this Court . * * * and totally contradicted by the record and petitioner’s conduct at sentencing.” The sum and substance of the complaint in this malpractice action is that plaintiff was literally forced into the guilty plea by defendant and that plaintiff was not guilty of the charges and never wanted to plead guilty. We agree with "the majority below that these allegations have been decided on the merits against plaintiff in a proceeding where plaintiff had a full and fair opportunity to prove them.[2]
We held recently in S. T. Grand, Inc. v. City of New Yorh (32 N Y 2d 300) that a criminal conviction could serve as collateral *356 estoppel insofar as the same issues were revived in subsequent civil litigation. Emphasis, of course, was placed on the procedural safeguards accorded defendant and the high degree of proof required in order to convict after trial. We did not hold in that case, nor do we in this one, that a conviction after a plea of guilty can serve as a bar to subsequent civil litigation on the theory that the issues presented in the civil trial were, or could have been, litigated in the criminal proceeding. We find in the instant case neither a prior conviction after trial, nor a prior conviction after a guilty plea (insofar as the charges to which plaintiff pleaded guilty have any direct bearing on allegations in the subsequent civil complaint). What we do find is a prior adjudication on a motion brought within a prior proceeding in which issues identical to those now raised were decided. It so happens that in this case, considering the manner in which the motion was presented and decided, the twin requisites for the invocation of the doctrine of collateral estoppel have been met, i.e., “ ‘ [t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling ’ ” (32 N Y 2d, at p. 304 quoting from Schwartz v. Public Administrator of County of Bronx, 24 N Y 2d 65, 71). There is, moreover, cogent precedent for the proposition that an order made upon a motion provides such a “ judgment ” as will bar relitigation under the doctrines of res judicata or collateral estoppel so long as the requisites of identity of issue and opportunity to contest are present (Matter of Levine v. Levine, 177 Misc. 412, affd. 263 App. Div. 1013, mot. for lv. to app. den. 288 N. Y. 739; see 9 Carmody-Wait, 2d, N. Y. Prac., § 63:214).
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, J ones, Wachtler and Babin concur; Judge Stevens taking no part.
Order affirmed, without costs.

. No doubt what rankled plaintiff is that of those indicted with him, the two who persisted in the trial benefited from a hung jury and the government’s refusal to retry them, and the one who changed his plea to guilty along with defendant received only a one-year sentence of unsupervised probation.

. The dissenters in the Appellate Division felt that plaintiff had never had a hearing in which he could attempt proof that the advice given him by defendant was bad which is what they say he is now alleging. The crucial passage in the Federal Judge’s opinion on this point refers to the lack of proof of pressure exerted by defendant, and the dissenters do not see this as a decision that defendant’s advice nevertheless may have been bad. Aside from the fact that the gravamen of the complaint is that defendant “ coerced ” plaintiff, a fair reading of that passage, quoted above in the text, leaves no doubt but that the Judge refused a hearing in which, presumably, plaintiff would have put himself and his affiants on the stand, for the reason that there was no way plaintiff could overcome what was already clearly on the record, i.e., that he had committed the acts charged and willingly complied with his attorney’s advice. The *356 record, in other words, was replete with admissions that the guilty plea was the result of a calculated strategy, and these admissions were used by the Judge as evidence upon the vacatur motion which overwhelmed plaintiff’s contrary assertions. Implicit in the Judge’s denial of the relief sought by plaintiff is that defendant’s advice was at least reasonable under the circumstances in that case, all of which were known to the Judge.