**Lori THOMPSON, an infant by her father, Barry Thompson, and Barry Thompson, Individually, Plaintiffs,**

v.

**GALAXY ENTERPRISES, INC. and Robert Schnitzer, Defendants.**

No. 75 Civ. 2175 (CMM).

United States District Court,
S. D. New York.

March 10, 1976.

Harry H. Lipsig, New York City, for plaintiffs; Steven L. Hess, New York City, of counsel.

Rothblatt, Rothblatt, Seijas & Peskin, New York City, for defendants; Stephan H. Peskin, New York City, of counsel.

METZNER, District Judge:

Plaintiffs move for summary judgment against defendant Robert Schnitzer. They also move to strike the affirmative defense of defendant Galaxy Enterprises, Inc. (Galaxy) that the complaint be dismissed for failure to state a claim upon which relief may be granted. Defendant Galaxy cross moves for summary judgment contending that there is no question of fact as to its vicarious liability for the actions of its employee Schnitzer. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

Plaintiffs Lori Thompson and Barry Thompson, her father, allege that on July 8, 1974, when Lori was taken to the Galaxy studio in New York for an audition, Galaxy's employee, Robert Schnitzer, sexually assaulted her. On May 7, 1975, Schnitzer pleaded guilty to second degree rape in New York Supreme Court and was sentenced to five years' probation.

Plaintiffs seek compensation for Lori's physical injuries, mental anguish, for damage done to her potential theatrical career, and for her father's loss of services, as well as punitive damages. They seek to hold Galaxy liable as negligent because of its alleged knowledge of the vicious propensities of Schnitzer.

Plaintiffs seek summary judgment against defendant Schnitzer based upon his guilty plea to the charge of second degree rape.

■ The doctrine of collateral estoppel has been expanded in recent years to the point that in New York a criminal conviction after trial is now clear and convincing proof of the same facts necessarily implicated in subsequent litigation. *S. T. Grand, Inc. v. City of New York,* 32 N.Y.2d 300, 344 N.Y.S.2d 938, 298 N.E.2d 105 (1973). In that case the court noted the rigorous procedural safeguards in a criminal action, including the requirement of proof beyond a reasonable doubt and of a unanimous verdict.

In *Vavolizza v. Krieger,* 33 N.Y.2d 351, 356, 352 N.Y.S.2d 919, 923, 308 N.E.2d 439, 442 (1974), the New York Court of Appeals stated that its holding in *S. T. Grand, Inc., supra,* did not extend to a plea of guilty. That question was left open.

■ Whether the litigant had, in the prior action, a full and fair opportunity to contest the decision now invoked against him controls the question of whether collateral estoppel is appropriate. *Schwartz v. Public Administrator of County of Bronx,* 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725; see also *Vavolizza, supra.*

■ Since the court in *S. T. Grand, Inc., supra,* described a full and fair opportunity to contest the issues in terms of the requirement of proof beyond a reasonable doubt and a unanimous verdict, I would hold that the guilty plea does not estop Schnitzer from contesting the issues in this case.

This holding is fortified by the proceedings in the criminal case. Schnitzer pleaded guilty to one count in satisfaction of a multicount indictment. The minutes of the plea and sentencing indicate that the people accepted the offer of the plea and recommended a sentence of probation because of the defendant's having seen a psychiatrist at his own expense and because of the benefit to accrue to the victim by virtue of the avoidance of a trial. Because of the circumstances surrounding the guilty plea and the recognition that various considerations may motivate such a plea, defendant Schnitzer is not estopped from litigating the question of his liability to plaintiffs.

Plaintiffs' motion for summary judgment is denied.

■ In support of its motion for summary judgment, defendant Galaxy has submitted the affidavit of defendant Schnitzer, who is also president of Galaxy, in which he states that with the exception of the incident that is the basis of the instant action, he has never been charged with the commission of a crime. He also states that he has never given any cause to believe that he possessed vicious propensities. Therefore, he argues, Galaxy could not have been aware of any vicious propensities and must be granted summary judgment.

Depositions of the defendants have not been taken in this case. Absent depositions, the existence of vicious propensities and of the corporation's knowledge of such propensities should not be decided upon a motion for summary judgment. The motion is denied without prejudice to renewal after completion of all pretrial procedures, if the defendant is so advised.

Plaintiffs' motion to strike Galaxy's affirmative defense is granted. The complaint states a claim upon which relief may be granted against Galaxy.

So ordered.