Marcelo **RODRIGUEZ,** Plaintiff,

v.

Abraham **BEAME et al.,** Defendants.

No. 76 Civ. 2822(MP).

United States District Court,
S. D. New York.

Dec. 21, 1976.

W. Bernard Richland, Corp. Counsel, City of New York, New York City, by Diane Iushewitz, New York City, for defendants.

Marcelo Rodriguez, pro se.

## OPINION

POLLACK, District Judge.

Defendant, James Farrell, moves pursuant to Rule 56(b), Fed.R.Civ.P., for summary judgment dismissing the complaint on the ground that the claims herein are precluded under the doctrine of collateral estoppel by a prior decision on the merits adverse to plaintiff.

For the reasons appearing hereafter, the motion is granted.

This is an action under 42 U.S.C. § 1983, against a New York City Detective, James Farrell, by a state prisoner, Marcelo Rodriguez.[1] Farrell arrested and interrogated Rodriguez in connection with a double murder perpetrated in the course of a robbery. The *pro se* complaint herein alleges that constitutional rights were violated in the course of the arrest and interrogation, *viz.*, arrest without probable cause, the absence of *Miranda* warnings, and the use of threats, trickery, and force in obtaining the confessions.

Plaintiff was convicted of the murders by a jury in the New York Supreme Court,

Bronx County. The case is on appeal to the Appellate Division of the Supreme Court, First Department.

In a pre-trial *Wade-Huntley* suppression hearing conducted in connection with the murder trial, the New York Court held that Rodriguez' confessions, given by him after the arrest and interrogation by Farrell, were validly obtained.

Consequently, Farrell contends that collateral estoppel precludes relitigation of the issues decided adversely to Rodriguez at the suppression hearing.

At the outset, it might appear that this motion presents a choice-of-law issue to the Court. The Supreme Court has stated that in federal question cases, federal courts are to apply their own version of res judicata, *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 324 n.12, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). The Second Circuit has held that in Civil Rights actions under 42 U.S.C. § 1983, a federal court should give a prior state court adjudication the res judicata effect that the state courts would give it. *McCune v. Frank*, 521 F.2d 1152, 1157 (2d Cir. 1975).

However, where there are no material differences between the two bodies of law, as in this case, the choice-of-law question need not be decided. *See Sherman v. Jacobson*, 247 F.Supp. 261, 266 (S.D.N.Y.1965).

▪ Three factors are required to support a defense of res judicata [collateral estoppel]:

"(1) there must have been a 'final judgment on the merits' in the prior action; (2) the identical issues sought to be raised in the second action must have been decided in the prior action; and (3) the party *against* whom the defense is asserted must have been a party or in privity with a party to the prior action." *Kreager v. General Electric Co.*, 497 F.2d 468, 471–72, *cert. denied*, 419 U.S. 861, 95 S.Ct.

---

[1] The original named defendants in this action, in addition to Detective Farrell, were Mayor Abraham Beame and Police Commissioner Michael Codd, both of the City of New York. By an order dated September 27, 1976, this Court dismissed the complaint as to those two defendants for failure to state a claim upon which relief could be granted.

111, 42 L.Ed.2d 95 (1974). *See also Vavolizza v. Krieger,* 33 N.Y.2d 351, 352 N.Y.S.2d 919, 308 N.E.2d 439 (1974).

The third element of this test is clearly met here. Rodriguez was a party to the criminal proceedings.

Moreover, an examination of the transcript from the suppression hearing demonstrates that all of the issues raised in this complaint were decided against plaintiff at that hearing. Rodriguez took the stand at the hearing, and told the same version of the arrest and interrogation as is contained in his present complaint. Farrell also testified, relating his version of the basis and conduct of the arrest and subsequent interrogation. Other witnesses gave testimony which tended to corroborate Farrell's version.

The judge who conducted the hearing stated in his decision that he "completely discounts the testimony of Marcelo Rodriguez," and he concluded that beyond a reasonable doubt, Rodriguez' constitutional rights had not been violated.

A decision rendered on a suppression motion, followed by conviction on the relevant criminal charges, is a "final judgment" for purposes of collateral estoppel. *United States ex rel. Di Giangiemo v. Regan,* 528 F.2d 1262, 1265 (2d Cir. 1975), *cert. denied,* 426 U.S. 950, 96 S.Ct. 3172, 49 L.Ed.2d 1187 (1976);[2] *see Vavolizza v. Krieger, supra.* The parties herein were fully heard, the state court supported its decision with a reasoned opinion, and the decision is subject to review on appeal.[3] *United States ex rel. Di Giangiemo v. Regan, supra.*

The pendency of the appeal from the conviction does not deprive the judgment of conviction of its preclusive effect. *United States v. Nysco Laboratories, Inc.,* 215 F.Supp. 87, 89 (E.D.N.Y.), *aff'd,* 318 F.2d 817 (2d Cir. 1963); *Parkhurst v. Berdell,* 110 N.Y. 386, 392, 18 N.E. 123 (1888); *Engel v. Aponte,* 51 A.D.2d 989, 380 N.Y.S.2d 739 (2d Dep't 1976).

Accordingly, summary judgment is granted and the complaint is dismissed. Should the suppression decision be reversed on appeal, this case may be reopened, and the motion revived on any other applicable grounds, if any.

SO ORDERED.

---

2. *McGrath v. Gold,* 36 N.Y.2d 406, 369 N.Y. S.2d 62, 330 N.E.2d 35 (1975) may suggest a contrary conclusion; however, not only does this case involve facts far more similar to those in *Vavolizza, supra,* than to those in *McGrath,* but also, in *McGrath* the Court of Appeals appeared to be applying federal law.

3. *See, e. g., People v. Lebron,* 46 A.D.2d 776, 360 N.Y.S.2d 468 (2d Dep't 1974), reviewing a suppression decision on appeal from the conviction.