■ ETTA MARTIN, Appellant, v BENJAMIN P. ROOSA, JR., et al., Respondents.—Appeals (1) from two orders of the Supreme Court at Special Term, entered December 20, 1977 in Ulster County, which granted defendants' motions to dismiss the complaint, and (2) from the judgments entered thereon. As a first cousin and the sole surviving statutory distributee of Jennie H. Lawson who died, testate, on December 13, 1974, plaintiff Etta Martin instituted this action for fraud wherein she seeks damages in the amount of $1,300,000 from three defendants, all of whom are attorneys. Defendant Benjamin P. Roosa, Jr., was the executor and sole beneficiary of the Jennie Lawson estate and defendants Milton L. Epstein and Paul J. Epstein prepared and witnessed the decedent's will and represented the estate in proceedings in the Dutchess County Surrogate's Court. At Special Term all three defendants successfully moved pursuant to CPLR 3211 to dismiss the complaint in the present action, and plaintiff now appeals. We hold that the orders and judgments appealed from should be affirmed and base our ruling upon the following, pertinent, underlying facts. On May 16, 1975, the will of Jennie Lawson was admitted, without opposition, to probate by order of the Surrogate of Dutchess County. Subsequently, in November of 1975, when she allegedly learned the true value of the

decedent's estate, plaintiff moved for an order vacating the order admitting the subject will to probate. In support of her motion she made two basic contentions, to wit, that she was misled into not interposing objections to the probate of the will and that her default was excusable and she had a substantial basis for contesting the will with a reasonable probability of success thereon. Following an extensive hearing on these arguments, the Surrogate rejected them and denied plaintiff's motion to vacate the probate decree. Thereafter, while her appeal from this denial was pending, plaintiff commenced the present fraud action in which she alleges that she was fraudulently deprived of decedent's estate. Special Term dismissed her complaint, however, after concluding that she was estopped by the earlier decisions of the Dutchess County Surrogate from again presenting evidence in an attempt to establish the invalidity of decedent's will. On this appeal, the circumstances as just set forth compel us to sustain the dismissal of the complaint. Even plaintiff concedes in her brief that damage or injury is an essential element in her cause of action for fraud and that her damages should be measured by the value of her distributee's share in the estate of Jennie Lawson. Such being the case, she can only recover in the present action by demonstrating the invalidity of decedent's will under the terms of which she was denied her distributee's share, and it is abundantly clear from the record that she has already had ample opportunity to contest this identical issue, i.e., the validity of the will, in the earlier proceedings in Dutchess County Surrogate's Court. Moreover, during the extensive hearing before the Surrogate on her motion to vacate, she actually did contest this issue, and the court's decision* on that motion to the effect that she failed to establish that she had a reasonable basis for opposing the probate of the will now clearly serves to estop her from litigating the validity of the will again (cf. *Vavolizza v Krieger,* 33 NY2d 351; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *Matter of Levine v Levine,* 177 Misc 412, affd 263 App Div 1013, mot for lv to app den 288 NY 739). Orders and judgments affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.

---

* (Subsequently affirmed *sub nom. Matter of Lawson,* 60 AD2d 579, mot for lv to app dsmd 43 NY2d 950.)