■ JOSEPH MEROLLA, JR., Appellant, v AMSTERDAM SAVINGS BANK, Defendant and Third-Party Plaintiff-Respondent-Appellant. MORTIMER H. ROTHSTEIN, Defendant-Respondent, et al., Defendants; RADIANT CAR WASH, LTD., et al., Third-Party Defendants-Respondents.—In an action, *inter alia,* to recover damages for breach of contract, (1) plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered October 25, 1978, as dismissed the complaint on the ground of *res judicata,* and (2) the defendant third-party plaintiff, Amsterdam Savings Bank, cross-appeals from so much of the same judgment as dismissed the third-party complaint as against third-party defendant Lowenbraun. The plaintiff and bank also appeal from the order of the same court, dated September 7, 1978, which granted the motion for summary judgment of

third-party defendant Lowenbraun and upon which the judgment is based. Appeals from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed. One bill of costs is awarded to Amsterdam Savings Bank, Rothstein and Lowenbraun, payable by plaintiff. The issues raised by the instant complaint were previously determined in three postjudgment applications in a New York County action. Plaintiff's assignor was the moving party in two of the applications, and was heard in opposition to the third. The fact that the applications were determined by orders, rather than by judgments, is of no moment. Since the issues involved were identical, and plaintiff's assignor was afforded a full and fair opportunity to contest the merits of the prior applications, the current claim is precluded by collateral estoppel (see *Vavolizza v Krieger,* 33 NY2d 351). Plaintiff, who concedes that he was the real party in interest in the previous proceedings, is barred to the same extent as his assignor. Lazer, J. P., Margett, Martuscello and Mangano, JJ., concur.