■ MALCHOFF DAVIS et al., as Executors of CARL W. BACHMAN and Another, Deceased, Respondents, v WILLIAM R. HANNA et al., Defendants, and JEANETTE Z. R. HANNA, Appellant. — Order unanimously reversed, without costs, motion

denied and matter remitted to Supreme Court, Oneida County, for further proceedings, in accordance with the following memorandum: It was error for Special Term to grant partial summary judgment to plaintiffs on their third and fourth causes of action for conversion on the ground of collateral estoppel. Before the doctrine of collateral estoppel may be invoked, "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). "The question as to whether a party has had a full and fair opportunity to contest a prior determination cannot be reduced to a formula" but "involves a practical inquiry into 'the realities of litigation' " (*Gilberg v Barbieri,* 53 NY2d 285, 292). A criminal conviction may serve as the basis for collateral estoppel "insofar as the same issues [are] revived in subsequent civil litigation" (*Vavolizza v Krieger,* 33 NY2d 351, 356). That does not mean, however, "that a conviction after a plea of guilty can serve as a bar to subsequent civil litigation on the theory that the issues presented in the civil trial were, or could have been, litigated in the criminal proceeding" (*Vavolizza v Krieger, supra,* p 356). The reason for that of course is that a judgment based on a plea of guilty does not carry with it the safeguards which accompany a judgment after trial (see *Matter of Bach,* 81 Misc 2d 479, 484). Defendant entered pleas of guilty to a Federal charge of aiding and abetting the transportation of stolen property in interstate commerce (US Code, tit 18, §§ 2, 2314) and to a State charge of conspiracy in the fourth degree. The judgments of conviction based on those pleas are insufficient to establish defendant's civil liability for conversion which requires "an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights" (23 NY Jur 2d, Conversion, § 1, p 207). Although it appears that Special Term also considered the plea and sentencing minutes, it was improper for the court, *sua sponte,* to send for transcripts of those proceedings to aid in its determination, particularly in view of the fact that defendant, a prisoner in a Federal institution, was not represented by counsel. Nevertheless, even if the transcripts had been properly submitted, they do not establish that defendant converted the property of plaintiffs' decedents. The plea minutes do not set forth a factual basis for the offenses to which defendant pleaded guilty. Consequently, the extent of her involvement and whether she in fact exercised control over the stolen property cannot be ascertained from the records of those proceedings. Inasmuch as plaintiffs have not met their burden of establishing "an identity of issue which has necessarily been decided in the prior action" and that there has been "a full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71, *supra*), the order granting partial summary judgment must be reversed. This defendant has not been represented by New York State counsel. We recognize that an indigent litigant has no right to representation by counsel in a civil action (*Matter of Smiley,* 36 NY2d 433); nevertheless, if this defendant is denied counsel, she will effectively be deprived of access to the judicial system in a matter involving a substantial amount of money. Under the unique circumstances presented here and on the affidavits which defendant has submitted on her application to proceed as a poor person on this appeal, we believe that, in the interest of justice, Special Term should exercise its authority and appoint counsel to represent her in these proceedings (CPLR 1102, subd [a]). (Appeal from order of Supreme Court, Oneida County, McLaughlin, J. — partial summary judgment.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.