Edward W. **BROOKS**, Plaintiff,

v.

Kenneth **McBRIDE**, Individually and in his capacity as Suffolk County Detective # 538; the County of Suffolk, New York, Defendants.

No. CV 85–0922 (RJD).

United States District Court, E.D. New York.

July 20, 1987.

Michael Wiseman, New York City, for plaintiff.

Martin Bradley Ashare, Hauppauge, N.Y., for defendants.

DEARIE, District Judge.

Plaintiff, Edward W. Brooks, brought this action pursuant to 42 U.S.C. §§ 1981

and 1983 against Detective Kenneth McBride and the County of Suffolk. On June 5, 1984, plaintiff was convicted of burglary in Suffolk County Criminal Court, and he is presently serving a five to ten year sentence. Plaintiff complains that Detective McBride obtained oral admissions from him in violation of his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel. The claim against the County of Suffolk is premised on the County's alleged failure to train and supervise McBride. Plaintiff's Section 1981 cause of action is dismissed, as he now concedes that he failed to state a claim under that section.

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) on the grounds that (1) plaintiff is precluded from relitigating the constitutionality of the admissions because of a prior determination by a state criminal court that the admissions were properly obtained and that (2) plaintiff has failed to state a cause of action against the County of Suffolk under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Due to defendants' reliance on material outside the pleadings and plaintiff's Rule 56 opposition papers, this motion will be treated as a motion for summary judgment. For the reasons stated below, defendants' motion for summary judgment is granted.

The salient facts in plaintiff's Complaint are as follows. On October 31, 1983, at approximately 10:00 a.m., plaintiff was arrested, with his co-defendant, by Police Officers LaRocco and LaStrange at a residence in Suffolk County. At the scene, Officer LaRocco advised plaintiff of his Miranda rights and then asked plaintiff if he understood them. Plaintiff did not answer the question, and he said nothing, at any time, to Officer LaRocco or Officer LaStrange.

Shortly thereafter, while plaintiff was sitting in a marked police car in front of the residence where he had been arrested, Detective McBride, who had learned from the other police officers present at the scene that plaintiff had remained silent following the Miranda warnings, asked plaintiff his name and whether he had been inside the premises. Plaintiff did not speak to Detective McBride. Nor did plaintiff speak to any police personnel between the time of his arrest and later that afternoon.

After plaintiff had been transported to the Third Precinct, McBride, at about 2:00 p.m., approached plaintiff, who was handcuffed to a desk in the detective squad room, and asked him if he knew why he was under arrest. Plaintiff responded, "no". According to the Complaint, McBride then made the following statements to plaintiff: (a) that plaintiff had been caught inside the house and was being charged with burglary; (b) that according to the owner of the home, plaintiff had no legitimate business in the house; (c) that McBride wanted to get plaintiff's version of events and wanted to listen to anything plaintiff had to say; (d) that an eyewitness had telephoned the police and told them that he had seen plaintiff climbing in a window of the house; and (e) that if plaintiff refused to speak to McBride, the police would have an eyewitness view him in a line-up.

Immediately following these remarks, McBride advised plaintiff of his Miranda rights for the second time. Plaintiff agreed to speak to McBride without the assistance of counsel. He then confessed to the burglary. Following a pre-trial suppression hearing, plaintiff's statements were found admissible in his criminal trial.

## DISCUSSION

Defendants claim that plaintiff should not be permitted to relitigate the issue of whether the confession was properly obtained because that issue was decided in a prior state court proceeding. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (issue preclusion applies in Section 1983 cases). Generally, a federal court must give preclusive effect to a prior state court judgment if "the courts of the State from which the judgment emerged would do so." *Id.* at 96, 101 S.Ct. at 415. The New York Court of Appeals has held that prior determinations in criminal cases may have collateral estoppel effect in sub-

sequent civil cases. *Vavolizza v. Krieger,* 33 N.Y.2d 351, 355–56, 352 N.Y.S.2d 919, 923, 308 N.E.2d 439, 442 (1974). Two conditions must be met: " '[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and second, there must have been a full and fair opportunity to contest the decision now said to be controlling.' " *S.T. Grand, Inc. v. City of New York,* 32 N.Y.2d 300, 304, 344 N.Y.S.2d 938, 941, 298 N.E.2d 105, 107 (1973) (quoting *Schwartz v. Public Administrator,* 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725, 729 (1969)).

In *Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 501, 478 N.Y.S.2d 823, 827, 467 N.E.2d 487, 491 (1984), the New York Court of Appeals enumerated the factors to be considered in evaluating whether a party was given a full and fair opportunity to litigate: "the nature of the forum, and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and availability of counsel, the differences in the applicable law and the foreseeability of future litigation." Under this prescribed analysis, it cannot seriously be questioned that plaintiff was given a full and fair opportunity to litigate the admissibility of the confession. The confession was an important, indeed vital, issue in the criminal trial, and it was carefully scrutinized during a pre-trial suppression hearing. In addition, plaintiff was represented by counsel throughout the hearing as well as at trial, and there is no claim of incompetent or inadequate counsel.

Plaintiff does not, and cannot, dispute that he had a full and fair opportunity to contest the issue, broadly defined, in the prior proceeding. He finetunes his claim, however, by insisting that the issues are not identical, and that while the criminal court judge made certain findings, plaintiff's specific claim that McBride failed to scrupulously honor his right to refuse to speak was not addressed by the attorneys or the court in the state proceeding. His argument requires careful attention.

In *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), the Supreme Court held that the admissibility of statements obtained after the person in custody has exercised his right to remain silent depends on whether his right to cut off questioning was "scrupulously honored." The *Mosley* decision dispelled the notion that *Miranda* had created a *per se* prohibition of further interrogation once the defendant has indicated a desire to remain silent. Instead, *Mosley* requires a factual inquiry regarding the circumstances of any interrogation which occurs after the person in custody has indicated a desire to remain silent under the heightened scrutiny of the scrupulously honored standard. *See, e.g., Anderson v. Smith,* 751 F.2d 96, 102 (2d Cir.1984) (writ of habeas corpus); *Wilson v. Henderson,* 584 F.2d 1185, 1187–89 (2d Cir.1978), *cert. denied,* 442 U.S. 945, 99 S.Ct. 2892, 61 L.Ed.2d 316 (1979) (writ of habeas corpus); *United States v. Mabie,* 580 F.Supp. 1382, 1385–86 (E.D.N.Y.1984) (motion to suppress); *United States v. Finch,* 557 F.2d 1234, 1236 (8th Cir.), *cert. denied,* 434 U.S. 927, 98 S.Ct. 409, 54 L.Ed.2d 285 (1977) (the Court scrutinizes and weighs, in light of *Mosley,* all the facts surrounding the second interrogation) (motion to suppress). Plaintiff claims that his silence was not scrupulously honored and that he is entitled to a determination of whether his civil rights were violated under *Mosley.*

At the suppression hearing, the criminal court judge stated:

> the Court declines to suppress the statements obtained from McBride merely because LaRocco had previously advised the Defendants of their Miranda warnings before he did. That there was no request for counsel. In fact there were no statements whatsoever. The Court does not determine that that would preclude the rendition of the Miranda warnings by a subsequent police office [sic].

Hearing Transcript at 112.

Although the judge's statements are not entirely clear, the judge notes that plaintiff did not request counsel or make any statements following the initial Miranda warn-

ing. Plaintiff implies that consideration of his silence in the context of whether a second Miranda warning was constitutionally permissible is not sufficient to satisfy the *Mosley* standard. However, a determination of whether a confession was properly obtained, including whether a person's right to remain silent was scrupulously honored, is necessarily a factual inquiry. Based on the language quoted above, the judge clearly considered the significance, in constitutional terms, of plaintiff's silence following the initial warning and decided that continued questioning, following a fairly lengthy interval and the provision of a fresh set of Miranda warnings, was permissible despite plaintiff's original silence.

In *Langert v. Festa*, 563 F.Supp. 692 (E.D.N.Y.1983), the accused moved, in the criminal action, to suppress his confession on the ground that it was not voluntary. Following a denial of his motion to suppress and a guilty verdict, the accused, as a plaintiff in a Section 1983 claim, alleged that the criminal court judge failed to consider all of the factual allegations that were raised in the suppression hearing. The district court held that all of his factual allegations, though not specifically alluded to, were implicitly and necessarily rejected, *sub silentio*, by the state court. Consideration of these factual allegations was necessary to the court's decision that the confession was neither coerced nor in some other way constitutionally flawed. *Id.* at 696 (citing *Winters v. Lavine*, 574 F.2d 46, 61 (2d Cir.1978)). Similarly, in the case at bar, consideration of the effect of plaintiff's silence on his subsequent confession was necessary to the court's decision that the confession was admissible evidence.

Plaintiff asserts that the legal issue of whether his silence was scrupulously honored was not squarely presented to the criminal court for determination and that, in any event, the judge failed to assess the effect of his silence on the validity of the confession under *Mosley*. The facts presented at the hearing, combined with the language the judge used in his decision, adequately encompass the legal issues enunciated in *Mosley*. This Court can safely assume that the criminal court judge must have considered, despite the absence of an explicit statement in the transcript, plaintiff's silence following the first Miranda warnings, the continued questioning and, finally, the second Miranda warnings, and rejected the assertion that plaintiff's confession was improperly obtained under the applicable legal standards.

Although the scrupulously honored language of *Mosley* may add to the Government's already heavy burden imposed by *Miranda*, the state court recognized that the defendant had maintained his silence and still found the defendant's statement admissible. Plaintiff is reaching to create a new "issue" where none exists. There was a full hearing in the state court during which plaintiff's counsel attacked the admissibility of the confession and the court heard all testimony relevant to its admission. The criminal court judge then concluded:

> The Court finds it [the interrogation] was not coercive in nature. That the statements were voluntarily made after the Defendants were appropriately warned of their constitutional rights not to incriminate themselves.

Hearing Transcript at 114.

Plaintiff is estopped from raising the admissibility of his confession in this action, notwithstanding his attempt to present the issue in a somewhat different manner. Issue preclusion bars this Court from reviewing plaintiff's claim on the merits.

Defendants also move for dismissal of the Complaint against the County of Suffolk on the ground that plaintiff's allegations fail to satisfy the requirements of *Monell*, 436 U.S. at 658, 98 S.Ct. at 2019. In response, plaintiff argues that his claim that the County failed to adequately train and supervise McBride are sufficient to withstand summary judgment. Because this Court has concluded that it is bound by the state court's determination that Detective McBride properly obtained the confession from plaintiff, it would be anomalous to keep the County in this lawsuit. Aside from plaintiff's blanket assertion that Suffolk County failed to train defendant

McBride, there is simply no evidence available to this Court that would, under any reasonable interpretation, support the claim.

Defendants' motion for summary judgment is granted.

The Clerk of the Court is directed to mail copies of this Order to all parties.

SO ORDERED.