■ ROBERT HUDSON, Appellant, v CARLETON VARNEY et al., Respondents. [602 NYS2d 176] —In an action pursuant to RPAPL article 15, *inter alia,* to establish the plaintiff's right to an easement, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered July 18, 1991, which granted the defendants' motion to dismiss the complaint and denied the plaintiff's motion to restore the case to the trial calendar.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff, who is the owner of certain landlocked forest land in Dutchess County, was convicted after a 1990 jury trial of criminal trespass and criminal contempt with respect to his violation of two prior court orders, *inter alia,* restraining him from entering upon certain adjoining land. The adjoining land is owned by Carleton and Suzanne Varney, who, with the State of New York, are the defendants herein. One of the prior restraining orders, dated December 21, 1984, was the result of an action brought by the Varneys against the plaintiff for trespass. The plaintiff's defense to the criminal charges was that he enjoyed an easement over their property based upon an original land grant dating from the mid-1700's. The prosecutor in the criminal action, utilizing deeds and maps of the area, successfully rebutted this defense in demonstrating to the jury that no such easement existed. Shortly after he was convicted the plaintiff began the instant action, the goal of which is a declaration that he has an easement enabling him to cross the Varneys' property, and to bar them and the State from interfering with that easement. The Varneys, joined by the State, moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7). The Supreme Court granted the motion on all three grounds, adding that the State was neither a necessary nor proper party. We affirm.

Contrary to the plaintiff's contentions, the Supreme Court properly held that the present action is not maintainable because of res judicata and collateral estoppel *(see,* CPLR 3211 [a] [5]). The plaintiff "has had a full opportunity to litigate

[this] particular issue [and] he cannot reasonably demand a second one" *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 69). A prior determination made in a criminal action may have collateral estoppel effect in a subsequent civil action *(see, D'Arata v New York Cent. Fire Ins. Co.,* 76 NY2d 659; *Vavolizza v Krieger,* 33 NY2d 351; *S.T. Grand, Inc. v City of New York,* 32 NY2d 300). In the present case the plaintiff asserts the very same right to an easement over his neighbors' land he had earlier asserted as a defense in the criminal action, which issue was considered by the jury and resolved against him. Accordingly, we conclude that the Supreme Court properly dismissed the complaint against both the Varneys and the State, and denied as academic the plaintiff's motion to restore the case to the trial calendar.

We have considered the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.