■ NAVEED A. SIDDIQI, Respondent, v OBER, KALER, GRIMES & SHRIVER et al., Appellants. [637 NYS2d 399] —Order of the Supreme Court, New York County (Alice Schlesinger, J.), entered on or about May 5, 1995, which denied the motions of defendants for summary judgment, is unanimously reversed to the extent appealed from and the motions by defendants-appellants for summary judgment granted, with costs and disbursements. Appeals from the orders of the same court and Justice, entered January 11, 1995 and July 11, 1995, which, respectively, denied defendants' motions to dismiss the complaint for failure to state a cause of action and to transfer venue from New York County to Chemung County, are unanimously dismissed, as academic, without costs and

disbursements. The Clerk is directed to enter judgment in favor of the defendants-appellants dismissing the action, with costs.

Plaintiff, Dr. Siddiqi, is a physician who practices in Elmira, New York and was a participant in the Medicare program. In 1989, he was charged with 77 counts of Medicare fraud. Defendant law firm Ober, Kaler, Grimes & Shriver and specifically one of its partners, David Queen, represented him in a trial in the Federal District Court in Rochester, New York. Dr. Siddiqi was acquitted of 72 counts and convicted on five counts and sentenced to three years probation. The five counts on which the plaintiff was convicted relate to claims for services rendered during the two week period from July 12-28, 1988, when plaintiff was, concededly, out of the country.

Immediately upon the conviction, Dr. Siddiqi moved for a judgment of acquittal which was denied. Thereafter, the plaintiff moved for a new trial on the grounds that there was insufficient evidence to support his conviction and that there was newly discovered evidence consisting of a "physicians away list", which confirmed that another doctor was covering for the plaintiff when he was away. This motion was denied also. Upon appeal to the Second Circuit, that court reversed (959 F2d 1167), finding the evidence *was* sufficient to support a conviction, but remanding to determine whether the newly discovered document could have been discovered before or during trial. Upon remand, the District Court, finding that the document could have been discovered and therefore was not new evidence, denied the motion for a new trial. In a second appeal, the Second Circuit affirmed holding that the District Court had not abused its discretion in finding that the list could have been discovered. The plaintiff then moved, pursuant to 28 USC § 2255, with new attorneys, for a reversal of his conviction on the ground that he did not receive effective assistance of counsel at the trial. The Chief Judge of the District Court for the Western Circuit of New York who had presided at plaintiff's trial denied the motion, finding the firm's defense of Dr. Siddiqi exceeded professional norms at every stage of the proceeding. While that motion was still pending in Federal court, plaintiff brought this instant action for legal malpractice alleging negligence, breach of contract and breach of fiduciary duty based on defendants' performance with regard to Dr. Siddiqi's defense that another doctor was covering for him in July 1988. Thereafter, the Federal court denied the 28 USC § 2255 motion by plaintiff to overturn his conviction.

"The doctrine of collateral estoppel precludes a party from relitigating 'an issue which has previously been decided against

him in a proceeding in which he had a fair opportunity to fully litigate the point' (*Gilberg v Barbieri*, 53 NY2d 285, 291; *see, Schwartz v Public Administrator*, 24 NY2d 65, 69). It is a doctrine intended to reduce litigation and conserve the resources of the court and litigants and it is based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it. There are now but two requirements which must be satisfied before the doctrine is invoked. First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination". (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455.)

Applying these principles to the case before us, it is clear that the denial of the plaintiff's motion for post-conviction relief pursuant to 28 USC § 2255 collaterally estops him from asserting legal malpractice in this action. In the decision denying plaintiff's 28 USC § 2255 motion, the District Court gave a detailed evaluation of David Queen's representation and found that it was "extensive and thorough" and above the professional norm at every stage of the criminal proceeding. In addition, the District Court expressly found that Dr. Siddiqi failed to establish that but for defendant Queen's alleged errors, a reasonable possibility existed that Siddiqi would have been acquitted of all charges. The Court of Appeals has previously held that the denial of a motion pursuant to 28 USC § 2255 collaterally estopped a party from asserting a malpractice claim (*Vavolizza v Krieger*, 33 NY2d 351, 355). As in *Vavolizza*, there was "a prior adjudication on a motion brought within a prior proceeding in which issues identical to those now raised were decided" and where the dual "requisites for the invocation of the doctrine of collateral estoppel have been met" (*Vavolizza v Krieger, supra*, at 356). Accordingly, the IAS Court erred when it denied defendants' motion for summary judgment based upon this collateral estoppel and we reverse to grant such motion. In view of this disposition, the appeals from the orders of the IAS Court denying the defendants' motions to dismiss the complaint for failure to state a cause of action and for a change in venue are academic. Therefore, we dismiss those appeals. Concur—Rosenberger, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.