Chester KOWALCZYK, Plaintiff,

v.

Felix T. GILROY, Professionally and Personally, Defendant.

No. CV 97–2299(ADS).

United States District Court, E.D. New York.

Feb. 25, 1998.

Chester Kowalczyk, Lewisburg, PA, pro se.

Felix T. Gilroy, Staten Island, pro se.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The pro se plaintiff, Chester Kowalczyk ("Kowalczyk" or the "plaintiff"), raises claims of malpractice against his former criminal defense attorney, Felix T. Gilroy, Esq. ("Gilroy" or the "defendant") under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Presently before the Court is Gilroy's motion for dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.  BACKGROUND

### A.  Procedural History

On January 22, 1990, the plaintiff, who was tried under an eight count indictment, was convicted by a jury of six counts of altering vehicle identification numbers ("VINs") in violation of 18 U.S.C. § 511, one count of tax

evasion in violation of 26 U.S.C. § 7201 and one count of making a false statement in a tax return in violation of 26 U.S.C. § 7206(1). The false statement count later was dismissed as a lesser included offense of the tax evasion conviction. This Court subsequently sentenced Kowalczyk to six concurrent five year terms of imprisonment on the six counts of altering VINs and a $20,000 fine. On appeal, to the Second Circuit, Kowalczyk argued that: (1) there was insufficient evidence to convict him; (2) the district court's charge with respect to the VIN alteration counts was erroneous; (3) the district court erred in refusing to instruct the jury that the defendant's good faith belief that he had filed a correct tax return negated the necessary element of wilfulness inherent in the conviction; and (4) there was insufficient evidence of proper venue. The conviction was affirmed on appeal by writ of mandate dated May 15, 1991. *United States v. Kowalczyk,* 90–1678 (June 26, 1991). A subsequent motion to reduce the sentence was filed on January 27, 1992 pursuant to Fed.R.Crim.P. 35(b). The motion was denied by order dated November 24, 1992 and affirmed on March 15, 1994.

By a Memorandum of Decision and Order dated August 21, 1996, this Court denied Kowalczyk's petition for a writ of habeas corpus. *See Kowalczyk v. United States,* 936 F.Supp. 1127 (E.D.N.Y.1996). On November 29, 1996, this Court denied Kowalczyk's request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). By Orders dated June 23, 1997 and September 11, 1997, the Second Circuit Court of Appeals denied Kowalczyk's motions requesting an order authorizing consideration of a second or successive petition. Most recently, in an Order dated November 15, 1997, this Court denied Kowalczyk's successive motion for habeas relief. *Kowalczyk v. United States,* 94 Civ. 5620(ADS).

In his first petition for a writ of habeas corpus, Kowalczyk raised various claims, including ineffective assistance of the defendant Gilroy, his trial attorney. Specifically, Kowalczyk asserted that Gilroy suffered from a conflict of interest. In addition, Kowalczyk claimed that Gilroy was ineffective by failing to present on appeal issues regarding erroneous jury instructions, the Government's failure to disclose exculpatory VIN impressions, the denial of Kowalczyk's right to testify, the exclusion of certain business records, an alleged defect in the indictment, and a constitutional challenge to 18 U.S.C. Section 511. After assessing Kowalczyk's claims, this Court concluded that Gilroy had provided effective assistance at trial and that there was no conflict of interest.

Now, in a complaint filed on April 25, 1997, Kowalczyk seeks compensatory and punitive damages against Gilroy for alleged legal malpractice. The grounds for the malpractice claims are largely the same as those raised in his prior habeas petition alleging ineffective assistance of counsel.

## II. DISCUSSION

### A. Collateral Estoppel

Under New York law, collateral estoppel, or issue preclusion, prevents a party from relitigating an issue clearly raised and decided against that party in a prior proceeding where the party had a full and fair opportunity to contest the issue. *Weiss v. Manfredi,* 83 N.Y.2d 974, 976, 616 N.Y.S.2d 325, 326, 639 N.E.2d 1122 (1994). In determining whether a party had a full and fair opportunity to contest the issue in the prior proceeding, the Court must evaluate the realities of the litigation. *See People v. Roselle,* 84 N.Y.2d 350, 357, 618 N.Y.S.2d 753, 756, 643 N.E.2d 72 (1994). Relevant considerations include the nature of the forum, the importance of the issue, the party's incentive to litigate that issue and the actual extent of litigation, and the foreseeability of new litigation. *See Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 478 N.Y.S.2d 823, 827, 467 N.E.2d 487 (1984); *see also Blonder–Tongue Laboratories, Inc. v. University of Ill. Found.,* 402 U.S. 313, 324–25, 91 S.Ct. 1434, 1440, 28 L.Ed.2d 788 (1971)("A party who has had one fair and full opportunity to prove a claim and has failed in that effort should not be permitted to go to trial on the merits of that claim a second time."); *Gargiul v. Tompkins,* 790 F.2d 265 (2d Cir.1986)(outlining the test).

■ Applying the foregoing principles, the Court finds that Kowalczyk fully and fairly litigated the legal malpractice claims advanced in his complaint by raising these issues in his petition for a writ of habeas corpus, which was premised, among other things, on allegations that Gilroy rendered ineffective assistance of counsel at trial. *See Ospina v. Booth,* 94 Civ. 8163, 1995 WL 386485, *3 (S.D.N.Y. June 29, 1995)(finding legal malpractice claim against former criminal defense attorney barred by issue preclusion where the client previously brought a motion for a new trial under Fed.R.Crim. Proc. 33 on the ground of ineffective assistance of counsel); *Vavolizza v. Krieger,* 33 N.Y.2d 351, 308 N.E.2d 439, 352 N.Y.S.2d 919 (1974)(where the U.S. District Court denied the client's motion to withdraw his guilty plea, premised on claims that the plea was the result of defense counsel's pressure, the client was collaterally estopped from subsequently maintaining a cause of action in New York State court against his prior defense counsel for malpractice allegedly consisting of coercing the client into pleading guilty); *Siddiqi v. Ober, Kaler, Grimes & Shriver, et al.,* 224 A.D.2d 220, 637 N.Y.S.2d 399 (1st Dept.1996)(the U.S. District Court's denial of the client's motion for post-conviction relief pursuant to 28 U.S.C. § 2255 based on ineffective assistance at trial on Medicare fraud charges collaterally estopped the client from asserting legal malpractice in a subsequent New York State court civil action against trial counsel).

In a similar case, *McCord v. Bailey,* 636 F.2d 606, 611 (D.C.Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981), the plaintiff brought a malpractice suit against his former defense attorney after he was convicted at trial and unsuccessfully appealed the decision on the basis of ineffective assistance of counsel. The Court of Appeals for the District of Columbia held that either collateral estoppel or lack of any legally cognizable harm to plaintiff precluded the legal malpractice claims. *Id.* at 617–18. Here, too, the Court finds that the plaintiff's claims of legal malpractice were actually and necessarily determined by this Court in its prior, detailed denial of Kowalczyk's ineffective assistance of counsel claims raised in his habeas petition. Sine the malpractice cause of action is barred by principles of issue preclusion, the defendant's motion to dismiss is granted, and the complaint is dismissed with prejudice and without leave to replead.

## III. CONCLUSION

Having reviewed the submissions of the parties, it is hereby

ORDERED, that the defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is Granted; and it is further

ORDERED, that the complaint is dismissed with prejudice and without leave to replead; and it is further

ORDERED, that the Clerk of the Court close this case.

SO ORDERED.