**John R. BLUMATTE, also known as John Blue, also known as Robert Angona, Plaintiff–Appellant,**

v.

**Stephen FARTHING, Randolph Lerner, Jr., David Levinson, Russell Wilkinson, Eileen Guggenheim, Robert Bolandian, Christopher Forbes, Margot Gordon, Roland Grybauskas, Ludwig Kuttner, Douglas Oliver, David Schafer, Dennis Smith, The Graduate School of Figurative Art of the New York Academy of Arts, Jeffrey C. Slade, Defendants–Appellees,**

**Gerard Quinn, Donald Rogers, Charles Cawley, Anthony Coles, Julia Jitkoff, Sybil Shainwald, David Long, Elyse Ruzow, Defendants.**

No. 08–0864–cv.

United States Court of Appeals, Second Circuit.

April 8, 2009.

See also, 521 F.Supp.2d 308.

L. Joseph Bainton, Smith, Gambrell & Russell, LLP, New York, NY, for Appellant.

Bennette Deacy Kramer (Andrew S. Harris, on the brief), Schlam Stone & Dolan LLP, New York, NY, for Stephen Farthing, Randolph Lerner, Jr., David Levinson, Russell Wilkinson, Eileen Guggenheim, Robert Bolandian, Christopher Forbes, Margot Gordon, Roland Grybauskas, Ludwig Kuttner, Douglas Oliver, David Schafer, Dennis Smith, The Graduate School of Figurative Art of the New York Academy of Arts.

Jonathan B. Bruno, Kaufman Borgeest & Ryan LLP, New York, NY, for Jeffrey C. Slade.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges and ROBERT W. SWEET,* District Judge.

## SUMMARY ORDER

Laura Zakresky, substituted as a party for plaintiff-appellant John R. Blumatte,[1] appeals from a February 5, 2008 judgment of the District Court dismissing her suit against defendants-appellees, who were at all times relevant to this litigation officers or trustees of the Graduate School of Figurative Art of the New York Academy of Arts ("the Academy"). On appeal, plaintiff argues that the District Court erred in holding that, in light of Blumatte's pleas of guilty to two counts of grand larceny in New York state court, her RICO and fraud claims against all defendants and her claim against defendant Slade for deceit and collusion with intent to deceive a court in violation of New York Judiciary Law § 487 were barred by collateral estoppel insofar as plaintiff had alleged that defendants had falsely accused Blumatte of crimes of which Blumatte stood convicted. We assume the parties' familiarity with the facts and procedural history of this case.

We review *de novo* the District Court's grant of defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 124 (2d Cir. 2008). We construe plaintiffs' complaint liberally, "accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Id.* We may

---

* The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

1. Counsel for plaintiff-appellant John R. Blumatte has informed the Court that Mr. Blumatte died after this appeal was filed. In accordance with counsel's timely and unopposed motion, Zakresky, the executrix of Mr. Blumatte's estate, is substituted as a party to this appeal. *See* Fed. R.App. P. 43(a) ("If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party ...")

affirm an order or judgment of the District Court dismissing an action only if the plaintiff fails to provide factual allegations sufficient " 'to raise a right to relief above the speculative level.' " *Goldstein v. Pataki,* 516 F.3d 50, 56 (2d Cir.2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

■ Because Blumatte's relevant prior convictions were entered in New York state courts, we look to New York law to determine their preclusive effect.[2] *See Wight v. BankAmerica Corp.,* 219 F.3d 79, 87–88 (2d Cir.2000) ("The preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred.") (internal quotation marks and citation omitted). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman,* 502 F.3d 61, 65 (2d Cir.2007) (citing *Kaufman v. Eli Lilly & Co.,* 65 N.Y.2d 449, 455–56, 492 N.Y.S.2d 584, 482 N.E.2d 63 (1985)). New York courts have recognized the preclusive effect of guilty pleas "made in a formal court proceeding following a thorough allocution establishing that the defendant understands the rights he is waiving and that he has admitted each of the essential elements of the crime charged." *Halyalkar v. Bd. of Regents of New York,* 72 N.Y.2d 261, 268–69, 532 N.Y.S.2d 85, 527 N.E.2d 1222 (1988); *see also Vavolizza v. Krieger,* 33 N.Y.2d

351, 355–56, 352 N.Y.S.2d 919, 308 N.E.2d 439 (1974). We recognize, however, that collateral estoppel "is grounded on concepts of fairness and should not be rigidly or mechanically applied." *See D'Arata v. New York Cent. Mut. Fire Ins. Co.,* 76 N.Y.2d 659, 664, 563 N.Y.S.2d 24, 564 N.E.2d 634 (1990).

■ In this case, plaintiff alleged that defendants, through various illicit means, ensured that he was "falsely charged with grand larceny." Joint App. at 34 (plaintiff's amended complaint). However, it is undisputed that, on two occasions, Blumatte pleaded guilty to grand larceny—indeed, the precise acts of which plaintiff claims he was falsely accused—after a thorough allocution in which he acknowledged his waiver of rights and explicitly agreed with the Court's statement that he "stole property from [the Academy]." Joint Appendix at 346 (October 8, 2004 plea hearing); *id.* at 352, 352 N.Y.S.2d 919, 308 N.E.2d 439 (December 1, 2006 plea hearing). Plaintiff's artful effort to avoid application of collateral estoppel by contending that he had an "overwhelming incentive not to litigate" the criminal charges is without merit. *See* Appellant's Br. at 17 (emphasis omitted). Plaintiff does not dispute that his guilt has been adjudicated and that he had a full and fair opportunity to litigate the issue in New York courts. Because his plea agreements established that he in fact stole funds from the Academy, plaintiff is precluded from arguing that others falsely accused him of those very acts. *See Britt v. Legal Aid Soc., Inc.,* 95 N.Y.2d 443, 447, 718 N.Y.S.2d 264, 741 N.E.2d 109 (2000) ("In order to open the door for even a colorable claim of

---

2. Plaintiff has been convicted of other felonies under New Jersey law and federal law. Blumatte's work for the Academy, which he performed under the name Robert Angona, amounted to a violation of his federal proba-

tion, and plaintiff was incarcerated in federal prison for violating probation after he was arrested for the New York state charges at issue.

innocence, criminal defendants must free themselves of the conviction, for *the conviction precludes those potential plaintiffs from asserting innocence in a civil suit.*") (emphasis added). For these reasons, we hold that the District Court did not err in dismissing plaintiff's claims.

Accordingly, the February 5, 2008 judgment of the District Court is AFFIRMED.