JOHN WERLE, Appellant, v. DAVID RUMSEY et al., Individually and as Partners of the Firm of RUMSEY & MORGAN, Respondents.

Argued April 13, 1938; decided May 24, 1938.

*William M. Kilcullen, Edwin J. Dryer* and *Wesley S. Sawyer* for appellant. The defendants engaged that they would use reasonable skill, diligence and care in handling plaintiff's mortgages. (*Carter* v. *Tallcot,* 36 Hun, 393; *Degen* v. *Steinbrink,* 202 App. Div. 477; 236 N. Y. 669; *Kissam* v. *Squires,* 102 App. Div. 536; *Hatch* v. *Fogarty,* 33 N. Y. Super. Ct. Rep. 166; *Von Wallhoffen* v. *Newcombe,* 10 Hun, 236.) An estoppel certificate given by the mortgagor to the mortgagee does not bar a defense of usury. (*Merwin* v. *Romanelli,* 141 App. Div. 711; *Verity* v. *Sternberger,* 62 App. Div. 112.) The intermingling of the accounts of a usurious security into the accounts of a new security makes the new security usurious. (*Jackson* v. *Packard,* 6 Wend. 415; *Hammond* v. *Hopping,* 13 Wend. 505; *Cope* v. *Wheeler,* 41 N. Y. 303; *Price* v. *Lyons Bank,* 33 N. Y. 55; *Sheldon* v. *Haxtun,* 91 N. Y. 124.)

*Louis J. Wolff* and *Harding Cowan* for respondents. There was no negligence on the part of defendants. (*Rupuzzi* v. *Stetson,* 160 App. Div. 150.)

*Per Curiam.* The complaint was dismissed at the close of the plaintiff's case. As the record stood there was testimony from which the jury might believe that the plaintiff consulted the defendants concerning the danger of the defense of usury, that there was a lack of due care in advising only the obtaining of an estoppel certificate and the plaintiff suffered a loss in consequence thereof. Thus a *prima facie* case was made out raising issues of fact for the jury. The defendants, however, are entitled to present evidence in explanation or denial of this testimony.

The judgments should be reversed and new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.