■ HOLMBERG, GALBRAITH, HOLMBERG ORKIN AND BENNETT, Appellant, v YVONNE KOURY, Respondent.—Casey, J. P. Appeal from an order of the Supreme Court (Monserrate, J.), entered February 25, 1991 in Tompkins County, which, *inter alia,* denied plaintiff's cross motion for summary judgment.

Plaintiff commenced this action to recover $3,115.71 for legal services rendered to defendant in connection with her appeal to the United States Court of Appeals for the Federal Circuit from a determination of the United States Merit Systems Protection Board (hereinafter Board). Defendant's answer included a counterclaim seeking damages for legal malpractice. Defendant moved, *inter alia,* to dismiss the action, and plaintiff cross-moved for summary judgment granting judgment on its cause of action to recover for legal services and dismissing defendant's counterclaim. Plaintiff appeals from so much of Supreme Court's order as denied its motion for summary judgment. Plaintiff's representation of defendant arose out of defendant's dismissal from her position with a Federal agency. Defendant's Federal administrative appeal was dismissed by an Administrative Law Judge who concluded that the matter had been settled. Petitioner sought further administrative review by the Board, claiming that the settlement was the result of fraud, duress, coercion and undue influence, and was not voluntarily entered into by her. The Board, with one dissenter, rejected defendant's claim and dismissed the appeal as settled. Defendant then retained plaintiff to seek judicial review of the administrative determination.

Plaintiff prepared and filed the necessary papers to initiate the review process in Federal court, and thereafter prepared and filed a brief in support of defendant's petition for review. The matter was scheduled for oral argument and the attorney

who handled the matter for plaintiff traveled to Washington, D.C., for oral argument before the United States Court of Appeals, Federal Circuit. The court thereafter rendered a judgment without opinion affirming the Board's determination.

Turning first to defendant's legal malpractice counterclaim, defendant's bill of particulars and affidavit in opposition to plaintiff's motion allege that plaintiff's negligence consists of the failure to raise certain issues, the inadequacy of the oral argument and plaintiff's failure to seek a rehearing of the matter in Federal court or to advise defendant of the time limits within which to seek a rehearing. Accepting the factual portions of these allegations as true, we find them insufficient to support a malpractice cause of action.

Defendant contends that plaintiff should have advised the court that a New York State administrative tribunal had determined that defendant was wrongfully discharged from her employment with the Federal agency, but this issue has nothing to do with the determination concerning the validity of defendant's settlement of her Federal administrative appeal, which was the determination to be reviewed in the Federal action commenced by plaintiff on defendant's behalf. Defendant also contends that plaintiff failed to advise the court that the record of the administrative proceeding suggested that not all of the members of the Board listened to the tape recordings of the hearing at which the settlement was discussed, but the brief prepared and filed by plaintiff on defendant's behalf did, in fact, raise this issue. According to defendant's affidavit, plaintiff also failed to inform the court that, based upon advice given to her during the hearing, she thought the settlement was only tentative. The brief prepared by plaintiff did, however, argue that defendant was advised during the hearing that she would be able to reopen the appeal before the Administrative Law Judge if certain events occurred. There is, therefore, no merit in defendant's claim concerning plaintiff's failure to raise these issues.

Defendant's claim concerning the adequacy of oral argument is based upon the attorney's failure to use all of the allotted time and the failure to specifically address all of the issues. Defendant also claims that the attorney "failed to give an aggressive, interesting, creative, and convincing Oral Argument". It is apparent from the record that the brief filed by plaintiff on defendant's behalf in the Federal action was prepared after an adequate investigation of the facts and research of the law, and the relevant issues were raised in the

brief. The attorney's decision not to use all of the allotted time to specifically address all of the issues can be characterized as a strategic decision or, at most, a mistake of judgment, neither of which is sufficient to establish malpractice *(see, Rosner v Paley,* 65 NY2d 736, 738; *Bernstein v Oppenheim & Co.,* 160 AD2d 428, 431). In any event, there is nothing in the record to suggest that a more aggressive, interesting, creative and convincing oral argument would have resulted in a different decision by the Federal court on the merits of defendant's action *(see, Stroock & Stroock & Lavan v Beltramini,* 157 AD2d 590).

As to defendant's claim that plaintiff failed to apply for rehearing or to advise defendant of the time limits for making such an application, it is apparent from the record that plaintiff considered its role as defendant's attorney to have ended with the judgment affirming the Board's decision, and there is nothing to indicate that defendant was adversely affected by plaintiff's failure to act in relation to a rehearing. On the contrary, it appears that defendant's *pro se* application for permission to file a late application for a rehearing has been granted.

The affidavit and accompanying exhibits submitted in support of plaintiff's motion were sufficient to show that plaintiff's conduct did not fall below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession. Defendant's papers in opposition are insufficient to raise a question of fact as to plaintiff's lack of skill and its impact on the outcome of the prior action. Plaintiff, therefore, is entitled to summary judgment dismissing defendant's counterclaim.

For the same reasons that we found defendant's malpractice counterclaim to be lacking in merit, we also reject defendant's claim that plaintiff is entitled to no fee because its services were inadequate. Nevertheless, we conclude that Supreme Court correctly denied plaintiff's cross motion for summary judgment on its cause of action to recover legal fees for services rendered to defendant. Defendant's allegations concerning the oral argument presented by the attorney who appeared for plaintiff on defendant's behalf and the attorney's concession that she cut her argument short create a question of fact as to whether the $1,500 charged by plaintiff for preparation and presentation of oral argument is reasonable in the circumstances. There is, however, no dispute as to the reasonableness of the remaining charges, which were billed at the agreed-upon hourly rate.

Weiss, Mikoll and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion for summary judgment dismissing defendant's counterclaim; cross motion granted to that extent and summary judgment awarded to plaintiff dismissing the counterclaim; and, as so modified, affirmed.