■ Paul Lewis, Respondent, v John L. Desmond, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Best, J.), entered December 17, 1991 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant, an attorney, represented plaintiff in administrative and judicial proceedings arising out of charges that plaintiff, as the holder of a liquor license for premises in Schenectady County, had violated certain provisions of the Alcoholic

Beverage Control Law. As a result of the proceedings, plaintiff's liquor license was canceled and his subsequent efforts to obtain a new license were unsuccessful. Plaintiff thereafter commenced this action against defendant, asserting 11 causes of action.

The first two causes of action are based upon allegations that defendant failed to pay a stenographer's fee with money given to defendant for that purpose. The remaining causes of action allege that plaintiff sustained various damages as a result of certain assurances and misrepresentations made by defendant. Defendant's motion for summary judgment dismissing the complaint was denied, resulting in this appeal.

Defendant's brief focuses only on the nine causes of action which allege that he made certain assurances and misrepresentations. According to defendant, he made only expressions of future expectations, predictions or promises of future conduct, which are not actionable (see, *Country-Wide Leasing Corp. v Subaru of Am.*, 133 AD2d 735, 736, *lv denied* 70 NY2d 615). Plaintiff contends that the allegations are sufficient to state viable causes of action of legal malpractice based upon defendant's faulty legal advice (see, *Werle v Rumsey*, 278 NY 186; *Scheller v Martabano*, 177 AD2d 690).

The third and fourth causes of action seek to recover damages for the costs incurred by plaintiff in contesting the State Liquor Authority's notice of charges, including the legal fees paid to defendant and the $1,000 license bond forfeited by plaintiff when the license was canceled. Plaintiff alleges that when he first consulted defendant, defendant assured him that the most serious charges would not be sustained and that the maximum possible penalty would be a 30-day suspension. According to plaintiff, defendant knew or should have known that the charges were serious, that plaintiff had no defense and that the penalty of cancellation was a virtual certainty. Plaintiff claims that if defendant had advised him of the futility of contesting the charges, he would have surrendered his license, thereby avoiding the litigation costs. In hindsight, surrender of plaintiff's license may have been the more prudent course of action, but there is no evidence in the record that it was unreasonable for defendant to advise plaintiff to defend the charges. "Legal malpractice consists of the failure of an attorney to exercise that degree of skill commonly exercised by an ordinary member of the legal community, resulting in damages to the client" (*Saveca v Reilly*, 111 AD2d 493, 494), but "an attorney is not held to the rule of infallibility and is not liable for an honest mistake of judgment where

the proper course is open to reasonable doubt" *(Bernstein v Oppenheim & Co.,* 160 AD2d 428, 430). We conclude that defendant's conduct, which allegedly led plaintiff to pursue defense of the charges rather than surrender of his license, falls into the latter category and is not actionable. We also view plaintiff's claim that he would have surrendered his license had he received different legal advice to be pure speculation.

Plaintiff's fifth cause of action seeks to recover damages sustained as a result of defendant's failure to protect and preserve plaintiff's liquor license. Plaintiff concedes, however, that there are no allegations of negligence in defendant's handling of the defense of the charges. Rather, according to plaintiff, his claims are based on defendant's affirmative malpractice in assuring plaintiff that he should do nothing to prepare for the prospective loss of his license. Inasmuch as the alleged malpractice had nothing to do with the loss of the license itself, defendant cannot be held liable for failing to protect and preserve the license.

Plaintiff's sixth and seventh causes of action seek to recover damages for loss of rent and reduction in value of the business. Plaintiff alleges that shortly after the administrative determination to cancel his liquor license was made public he had an offer to lease his business at a monthly rental of $4,500, with a $400,000 purchase option. According to plaintiff's allegations, he refused the offer after conferring with defendant, who advised him not to sell or lease the business because his license would soon be restored. We are of the view that these allegations are sufficient to create questions of fact as to whether defendant was guilty of malpractice in giving faulty legal advice *(see, Werle v Rumsey, supra).* In addition to the factual issue created by defendant's denial that he made the statements alleged by plaintiff, the question of whether it was reasonable in the circumstances to advise plaintiff not to lease or sell the business cannot be decided as a matter of law.

Plaintiff's eighth cause of action alleges that he "has virtually been declared ineligible by the State Liquor Authority ever to receive a liquor license". There is, however, no evidence that any such declaration of ineligibility was ever made by the State Liquor Authority or that defendant's alleged malpractice could have caused such a declaration.

Plaintiff's ninth cause of action alleges that the penalty he incurred when he was unable to pay his real estate taxes on the business premises is an element of damages sustained as a result of defendant's advice not to sell or lease the business.

According to plaintiff, he could have paid the taxes on time and avoided the penalty if he had leased the business. We are of the view that the penalty for plaintiff's failure to pay real property taxes is too remote from defendant's advice to have been proximately caused by the alleged malpractice. Plaintiff's tenth cause of action, which alleges that he was unable to pay various personal bills, is similarly deficient, and the eleventh cause of action, alleging damage to plaintiff's reputation, is patently meritless.

Based upon the foregoing analysis, defendant is entitled to summary judgment dismissing the third, fourth, fifth, eighth, ninth, tenth and eleventh causes of action in plaintiff's complaint. Supreme Court's order should be modified accordingly.

Weiss, P. J., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion regarding the third, fourth, fifth, eighth, ninth, tenth and eleventh causes of action in the complaint; motion granted to that extent, summary judgment awarded to defendant on said causes of action and said causes of action dismissed; and, as so modified, affirmed.