■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY BRITT, Appellant. [606 NYS2d 208] —Appeal by defendant from a judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered February 3, 1992, convicting him, upon a guilty plea, of attempted rape in the first degree, and

sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of 4 to 8 years, unanimously held in abeyance, and the matter is remitted to the Supreme Court for a hearing to be held on defendant's motion to withdraw his plea of guilty, with findings thereon to be promptly forwarded to this Court.

The defendant was charged with rape, sodomy and sexual abuse, all in the first degree. At a pre-trial appearance on March 6, 1991, the defendant sought to have his assigned counsel relieved and new counsel appointed, claiming that his attorney was unwilling to take his case to trial. The court advised the defendant that he faced a possible 12½ to 25 year sentence if convicted after trial, that because of his record his sentence would be close to the maximum allowed, and gave the defendant "a minute" to decide whether to plead guilty to attempted rape or proceed immediately to trial. After conferring with his attorney, the defendant pleaded guilty to attempted rape with a promised sentence of 4 to 8 years. On March 26, 1991 the defendant made a *pro se* motion to withdraw his plea, alleging it was the product of coercion. The court then appointed a new attorney and, after considering the motion, denied it.

The defendant asserted three weeks after his plea that he was innocent, that he felt threatened by the court's admonishment regarding his potential exposure if convicted at trial, that he was coerced into pleading guilty by the conduct and ineffectiveness of his attorney, and that the plea was made under duress. On June 10, 1991, the court appeared to concur with some of defendant's assertions and suggested that if the People would not have been prejudiced by withdrawal of the plea, it would be inclined to grant the motion. During that appearance, the following colloquy took place:

"DEFENDANT: Your Honor, please grant me the opportunity to mitigate myself and exonerate myself at trial.

"THE COURT: I know his attorney is not the most professional. * * * I do remember that you had to come back a number of times to court to plead guilty * * * and I think a number of times you made allegations of [defense counsel] railroading you.

"DEFENDANT: Yes, I did, your Honor.

"THE COURT: And it is true that at one time in one court appearance, October 1st, 1990, I made a notation about what I deemed to be very unprofessional conduct by [defense counsel]

in the court. I have it in my notes. Was it your feeling then that he was trying to just pressure you and push you?

"DEFENDANT: Yes, your Honor.

"THE COURT: His history in this case is one of antagonism to you and to the court. I know now that you refresh my recollection, I know that he did put a lot of pressure on you."

The record in this case is insufficient for this Court to determine whether defendant's motion to withdraw his plea should or should not have been granted. Therefore, a hearing is required to clarify the circumstances surrounding the entry of the plea, including whether defendant had asserted his innocence to his attorney when the plea was entered, the facts concerning the "pressure" allegedly imposed upon the defendant, the date when it became known that the complaining witness was reluctant to testify, and any other circumstance pertinent to defendant's claim that his plea was involuntarily entered. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.