■ WALTER D. PEEK, INC., Appellant, v ROBERT C. AGEE et al., Respondents. [652 NYS2d 359] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Coppola, J.), entered July 13, 1995 in Westchester County, upon a verdict rendered in favor of defendants.

Plaintiff, a paper broker, retained defendant Robert C. Agee to represent it in an action against certain of its customers to collect a debt. At trial, Supreme Court dismissed all but two causes of action and limited plaintiff's claim to one for simple interest upon certain unpaid invoices. The jury returned a special verdict, finding in favor of plaintiff on the issue of liability and recommending that an accountant be retained to calculate the amount of simple interest due.

Although Supreme Court thereafter ordered that a reference be set for that purpose, plaintiff did not proceed to a reference. Instead, in an apparent effort to obtain an immediate appeal of all issues unfavorable to plaintiff at trial, including Supreme Court's preclusion of a large number of invoices which, if admitted, would have affected the damages recoverable, a stipulation was executed by Agee on plaintiff's behalf directing that judgment be entered in favor of plaintiff in the amount of $10 on its first and third causes of action. The stipulation also contained a reservation of rights clause purporting to preserve all issues for appeal. Plaintiff thereafter appealed the judgment entered thereon to the First Department alleging several grounds for reversal, including the exclusion of certain invoices, an erroneous jury charge and the dismissal of plaintiff's claim for compound interest. That Court affirmed without opinion (*Walter D. Peek, Inc. v Traub*, 141 AD2d 1011), thus limiting plaintiff's recovery to $10 upon each cause of action.

Plaintiff thereafter commenced this legal malpractice action against, among others, Agee alleging, *inter alia*, that he was negligent in recommending and executing the stipulation in question. Following joinder of issue and discovery, the matter proceeded to trial. At the conclusion, the jury returned a verdict in favor of Agee, finding that he was not negligent in the manner in which he represented plaintiff. Plaintiff's subsequent motion for judgment notwithstanding the verdict was denied and this appeal followed.

In order to recover damages for legal malpractice, a plaintiff is required to establish that (1) the attorney was negligent, (2)

the attorney's negligence was the proximate cause of the loss sustained, and (3) the plaintiff suffered actual and ascertainable damages (*see, Zeitlin v Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin,* 209 AD2d 510). An attorney may be liable for malpractice if it is established that his or her "conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession" (*Grago v Robertson,* 49 AD2d 645, 646).

Here, plaintiff argues that Agee's conduct in recommending and executing the stipulation in question was sufficiently egregious to permit this Court to conclude, as a matter of law, that Agee was guilty of malpractice. We cannot agree. At trial, Agee testified that according to plaintiff's chief financial officer, the amount of interest that would be recoverable at the reference ordered by Supreme Court was between $9,000 and $17,000. Although Agee recommended that plaintiff's thenpresident, Walter A. Peek, retain an accountant to verify this figure, Peek refused. Additionally, Agee testified and Peek conceded that such a sum was "peanuts" to Peek and that Peek was not interested in proceeding to reference if that was the sum recoverable. With respect to the decision to enter into the stipulation, Agee testified that he thoroughly explained the various options available, including an appeal following the reference, and that he specifically informed Peek that if the Supreme Court's decision was affirmed on appeal, the stipulation would limit plaintiff to a recovery of $10 upon each cause of action. As to the selection of the $10 figure, Agee testified that he originally suggested that the parties stipulate to $14,000, the amount that the defendants in the underlying action apparently offered in settlement, but that Peek refused to use this figure and personally suggested that Agee use the figure of $1 in the stipulation—again, a fact conceded by Peek.

Based upon the foregoing, it is clear that Peek played a substantial role in charting the course of the underlying litigation and that his desire to avoid what he believed would be a lengthy and costly reference significantly influenced Agee's decision to enter into the stipulation in question. Plaintiff argues that this is of no moment since Peek's wishes as the client cannot excuse or justify Agee's alleged negligence in entering into a stipulation which, according to plaintiff, ultimately deprived it of thousands of dollars in damages.

Assuming, without deciding, that plaintiff's interpretation of the stipulation and the effect of the reservation of rights clause is correct, it nonetheless is well settled that "an attorney may

take chances, and '[i]f in such cases a lawyer errs on a question not elementary or conclusively settled by authority, that error is one of judgment for which he [or she] is not liable' " (*Parksville Mobile Modular v Fabricant*, 73 AD2d 595, 600, quoting *Byrnes v Palmer*, 18 App Div 1, 4, *affd* 160 NY 699). Clearly, there is no liability for "an honest mistake of judgment where the proper course is open to reasonable doubt" (*Grago v Robertson, supra*, at 646). Here, the jury plainly credited Agee's testimony regarding the circumstances under which the stipulation was executed and the record reveals, at best, that Agee made an error of judgment regarding the effect thereof. As such, we cannot say that the jury erred in finding in Agee's favor.

Plaintiff's remaining contentions, including its assertion that Supreme Court made certain errors in charging the jury, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.