**Steven J. HOFFENBERG,**
**Plaintiff–Appellant,**

v.

**Daniel MEYERS, Defendant–Appellee.**

**Docket No. 02–7150.**

United States Court of Appeals,
Second Circuit.

May 12, 2003.

Steven Jude Hoffenberg, Federal Medical Center, Devens Prison, Ayer, MA, for Appellant, pro se.

Anne Patrice Richter (John A. McManus, on the brief), McManus, Collura & Richter, P.C., New York, N.Y., for Appellee.

Present: OAKES, LEVAL and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED** as modified.

Plaintiff Steven J. Hoffenberg filed the instant action against his former criminal defense attorney, Daniel Meyers. In 1995, Hoffenberg pled guilty to various federal charges pertaining to securities fraud and tax evasion. *See United States v. Hoffenberg*, Nos. 94–cr–213, 95–cr–321, 1997 WL 96563, at *6 (S.D.N.Y. March 5, 1997). Hoffenberg was sentenced to twenty years imprisonment and ordered to pay restitution in the amount of $475,157,340. *Id.* at *15. Meyers represented him throughout the criminal proceedings.

In his complaint, Hoffenberg claims that his conviction was the result of Meyers' failure to devote the proper time to Hoffenberg's case, his lack of understanding of the legal issues, and his withholding evidence. The complaint asserts four claims: (1) legal malpractice, (2) "gross negligence," (3) "damages," and (4) "punitive damages." On June 5, 2001, Meyers moved for summary judgment, and on January 17, 2002, the District Court granted his motion. Judgment was entered on January 25, 2002, and Hoffenberg timely filed a notice of appeal on January 31, 2002.

 We conclude that the District Court properly granted Meyers' motion for summary judgment. First, Hoffenberg has failed to state a claim for legal malpractice because, under New York law, a plaintiff cannot state a malpractice claim against his criminal defense attorney if his conviction "remains undisturbed." *Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 446, 718 N.Y.S.2d 264, 741 N.E.2d 109 (2000); *Carmel v. Lunney*, 70 N.Y.2d 169; 173, 518 N.Y.S.2d 605, 511 N.E.2d 1126 (1987). It is undisputed that Hoffenberg's conviction "remains undisturbed" at this point. Accordingly, the District Court properly dismissed his malpractice claim. Because it is possible that Hoffenberg's conviction could be overturned in the future, however, the District Court should have dismissed this claim without prejudice so that Hoffenberg might be able to renew it if and when his conviction is vacated. We hereby modify the District Court's judgment so that Hoffenberg's legal malpractice claim is dismissed without prejudice.

 The District Court also properly dismissed Hoffenberg's claim for gross negligence as redundant of his legal malpractice claim. *See, e.g., Schwartz v. Olshan Grundman Frome & Rosenzweig*, 302 A.D.2d 193, 753 N.Y.S.2d 482, 487 (1st Dep't 2003).

 Finally, Hoffenberg's claims for damages and punitive damages are not viable absent their attachment to the malpractice and gross negligence causes of action. *See Rocanova v. Equitable Life Assurance Soc. of the United States*, 83 N.Y.2d 603, 612 N.Y.S.2d 339, 344, 634 N.E.2d 940 (1994); *Probst v. Cacoulidis*, 295 A.D.2d 331, 743 N.Y.S.2d 509, 511 (2d Dep't 2002). Accordingly, these claims were also properly dismissed.

For the foregoing reasons, the District Court's orders are hereby AFFIRMED as modified.