■ MEDHAT SHENOUDA, Appellant, v LEWIS D. COHEN, Respondent. [793 NYS2d 180]—

In an action to recover damages for breach of a retainer agreement, the plaintiff appeals from an order of the Supreme Court, Richmond County (Solomon, J.), dated March 8, 2004, which denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was convicted of attempted murder in the second degree in June 1993. His former trial attorney, the defendant, Lewis D. Cohen, was thereafter retained by the plaintiff's family to prosecute an appeal from the judgment of conviction on the plaintiff's behalf. A retainer fee of $15,000 was paid for by the plaintiff's family. The defendant ultimately filed a notice of

appeal but did nothing further to prosecute the appeal from the judgment of conviction. In 2000, the plaintiff accepted $12,500 as repayment of the unearned portion of the attorney's fee paid to the defendant. The appeal was eventually perfected by counsel from the Legal Aid Society, who replaced the defendant. The plaintiff's conviction was subsequently affirmed by this Court (*see People v Shenouda,* 283 AD2d 446 [2001]). The plaintiff brought this action against the defendant to recover damages for breach of the retainer agreement. In his first cause of action, the plaintiff sought $2,500 plus interest, representing the balance of the attorney's fee paid to the defendant in 1994. In his second cause of action, the plaintiff sought, inter alia, damages in connection with the defendant's alleged failure to return to the plaintiff his complete legal file. The third and final cause of action sought treble damages pursuant to Judiciary Law § 487, based on the same factual allegations forming the basis of the first two causes of action.

Contrary to the plaintiff's contention, the Supreme Court properly denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

The first cause of action was properly dismissed because there was no privity of contract between the plaintiff and the defendant, as a matter of law, as it is beyond dispute that the defendant was retained not by the plaintiff, but rather, by the plaintiff's family to perform legal services on the plaintiff's behalf (*see Vogel v Lyman,* 246 AD2d 422 [1998]).

The second cause of action was properly dismissed because the defendant established that he returned the plaintiff's complete legal file to the Legal Aid Society, which ultimately prosecuted the appeal from the judgment of conviction. The plaintiff failed to rebut this prima facie showing (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*).

The third cause of action was properly dismissed since it was premised upon the viability of the first two causes of action, and, in any event, the complained-of conduct did not rise to the level necessary to recover under Judiciary Law § 487 (*see Holmberg, Galbraith, Holmberg Orkin & Bennett v Koury,* 176 AD2d 1045 [1991]). H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.