■ ROBERT H. BIXBY et al., Doing Business as BIXBY, CRABLE & STIGLMEIER, et al., Respondents, v THEODORE E. SOMERVILLE, Appellant. [880 NYS2d 205]—

Spain, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered February 7, 2008 in Albany County, which granted plaintiffs' motion for summary judgment dismissing defendant's counterclaims.

Plaintiffs represented defendant in child custody and support proceedings in Family Court and in a matrimonial action in Supreme Court during the period of October 2000 through October 2001 in which defendant sought sole custody of his infant daughter. After a full hearing, Family Court awarded defendant and the mother a shared custody arrangement and, on appeal, this Court modified that award to joint custody (*Matter of Somerville v Somerville*, 307 AD2d 481 [2003]). Prior to final resolution of those matters, defendant reported that he was dissatisfied with plaintiffs' services and stopped paying their legal fees. Plaintiffs commenced this action seeking to collect unpaid counsel fees and defendant answered and raised three counterclaims sounding in legal malpractice. After plaintiffs were granted permission to be relieved of their duties as defendant's counsel in each respective court, defendant proceeded pro se in Family Court and was represented by new counsel in Supreme Court. Ultimately, after a trial de novo in Supreme Court, sole custody of the child was awarded to the mother and defendant was ordered to pay $19,631.06 annually in child support (*Somerville v Somerville*, 26 AD3d 647 [2006], *lv dismissed and denied* 7 NY3d 859 [2006]).

In his counterclaims, defendant sought the return of the legal fees paid to plaintiffs, damages related to his child support obligation attributable to his not being awarded sole custody, and damages on behalf of his daughter. Supreme Court granted plaintiffs' motion for summary judgment dismissing the counterclaims. Defendant now appeals, and we affirm.

"To sustain a cause of action for legal malpractice . . . a party must show that an attorney failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession" (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303-304 [2001] [citation omitted]). Defendant must demonstrate that plaintiffs were negligent in their representation, that their negligence was the proximate cause of his loss and that he sustained actual and ascertainable damages (*see Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926 [2003]). Plaintiffs are entitled to summary judgment dismissing defendant's counterclaims if they can establish that defendant cannot prove at least one of these elements (*see Tabner v Drake*, 9 AD3d 606, 609 [2004]). To establish proximate cause, a client such as defendant must show that he or she "would have succeeded on the merits of the underlying action but for the attorney's negligence" (*Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]; *see Brodeur v Hayes*, 18 AD3d 979, 980 [2005], *lv dismissed and denied* 5 NY3d 871 [2005]).

Here, plaintiffs cite extensive proof, including the transcript of the Family Court custody hearing, to demonstrate that their conduct was a reasonable exercise of professional judgment. In the alternative, plaintiffs assert that any shortcomings in their representation did not proximately cause defendant's alleged damages because he would not have been successful on the merits of the underlying proceeding. In our view, plaintiffs amply met their initial burden of establishing a prima facie case for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Upon a careful review of the record, we conclude that defendant failed in his response to sustain his burden of submitting "evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial" (*id.*). Defendant premises his malpractice claims, essentially, on three grounds. First, defendant asserts that plaintiffs breached their duties to defendant by assigning plaintiff Carol R. Stiglmeier to represent him rather than another member of the firm. However, defendant signed a retainer agreement with plaintiffs that expressly stated that plaintiffs reserved the right to assign work to any member of the firm. Additionally, given that defendant regularly paid the firm for more than a year after the retainer agreement was executed, while Stiglmeier continued to represent him, we agree with Supreme Court that, by his conduct, defendant waived any objection to the firm's assignment of Stiglmeier to his case.

Second, defendant challenges some strategic choices and cites alleged missteps by plaintiffs during the course of their representation. However, the record of the Family Court custody proceeding reveals that Stiglmeier's advocacy "did not fall below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession" (*Holmberg, Galbraith, Holmberg Orkin & Bennett v Koury*, 176 AD2d 1045, 1047 [1991]); indeed, Stiglmeier assertively placed a cogent theory before the court and, with few exceptions, proper and timely objections were made, and appropriate and relevant questions were asked on direct and cross-examination. Generally, where allegations involve errors in the exercise of an attorney's professional judgment in areas such as strategy, the selection of appropriate evidence or argument, they are not actionable as malpractice (*see Rosner v Paley*, 65 NY2d 736, 738 [1985]; *Walter D. Peek, Inc. v Agee*, 235 AD2d 790, 791-792 [1997], *lv denied* 89 NY2d 815 [1997]; *Lewis v Desmond*, 187 AD2d 797, 798-799 [1992]). Finally, even though plaintiffs' performance may have been imperfect, defendant has not demonstrated that he would have been successful on the merits of the underlying proceeding but for that performance (*see Brodeur v Hayes*, 18 AD3d at 980), and there is nothing in this record, such as a family law expert's opinion, to show that defendant's failed quest for sole custody was caused by inadequate representation. "Mere speculation about a loss resulting from an attorney's poor performance is insufficient to sustain a prima facie case of legal malpractice" (*Antokol & Coffin v Myers*, 30 AD3d 843, 845 [2006] [citation omitted]). It is significant that, after defendant's second opportunity—with a new attorney—to prove his entitlement to sole custody, Supreme Court denied him that relief and also negated Family Court's joint custody determination, instead granting the mother full custody.

Third, defendant points to the advice or guidance he was given with regard to his preparation of a financial disclosure affidavit (hereinafter FDA), the veracity of which was later questioned by Family Court. Even if, for the sake of argument, Stiglmeier negligently approved a FDA which misstated some of defendant's income information, the record contains no evidence to establish that defendant would have prevailed, but for the inaccurate FDA, on the issues of child support and custody (*see Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]; *Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705, 707 [2006]). The record before us supports the conclusion that defendant was not

penalized for any misstatements regarding his income. Clearly, there is no evidence of causation.*

Defendant's malpractice claim asserted on behalf of his daughter was also properly dismissed for reasons stated above. Moreover, no privity exists between plaintiffs and defendant's daughter (*see C.K. Indus. Corp. v C.M. Indus. Corp.*, 213 AD2d 846, 847 [1995]). Plaintiffs represented defendant only; his daughter was represented in Family Court by a separate attorney assigned by the court and she is not a named party in this action.

Thus, Supreme Court properly dismissed defendant's counterclaims, and his remaining contentions lack merit.

Mercure, J.P., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

* To the extent that defendant is alleging claims based on breach of fiduciary duties, they are, essentially, a recasting of his legal malpractice claims and were properly dismissed on the same grounds (*see Adamski v Lama*, 56 AD3d 1071, 1072-1073 [2008]; *Guiles v Simser*, 35 AD3d 1054, 1055 [2006]).