07-1249-pr
Sash v. Schwartz

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand and nine.

PRESENT:
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*,
        LOUIS L. STANTON,[*]
                *District Judge.*

_____

Eliot S. Sash,

        *Plaintiff-Appellant*,

    v.                                        No. 07-1249-pr

---

[*]Louis L. Stanton, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

Jeffrey T. Schwartz, Esq.,

*Defendant-Appellee.*

_____

For Appellant:                          ELIOT S. SASH, *pro se*, Bloomfield, N.J.

For Appellee:                           JEFFREY T. SCHWARTZ, The Law Office of
                                        Jeffrey T. Schwartz, New York, N.Y.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the decision of the district court is **AFFIRMED**.

Plaintiff-Appellant Eliot Sash, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (Chin, *J.*), granting summary judgment to Appellee. We assume the parties' familiarity with the facts and procedural history.

As Appellant's brief does not raise the issue of whether he established diversity jurisdiction, that argument is waived on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that, where a litigant, including one proceeding *pro se*, raises an issue before the district court but does not raise it on appeal, it is abandoned).

In any case, the district court properly granted summary judgment to Appellee. We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Under New York law, in order to state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, the plaintiff "must allege his innocence or a colorable claim of innocence of the underlying offense . . . for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie."

2

*Carmel v. Lunney*, 70 N.Y.2d 169, 173 (N.Y. 1987). New York law also demands that, in order to "open the door for even a colorable claim of innocence, criminal defendants must free themselves of the conviction, for the conviction precludes those potential plaintiffs from asserting innocence in a civil suit." *Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 447 (N.Y. 2000). Appellant failed to establish that his conviction following a guilty plea was overturned.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

3