■ A. Paul Benaquista, Appellant, v Walter T. Burke, Respondent. [902 NYS2d 235]—

Stein, J. Appeal from an order of the Supreme Court (Kramer, J.), entered March 20, 2009 in Schenectady County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff seeks an award of damages in this action for, among other things, legal malpractice. After joinder of issue, plaintiff moved to compel depositions and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendant's cross motion. On plaintiff's appeal,[1] we affirm.

Plaintiff and his mother co-owned two corporations and defendant represented the corporations in various matters. In

---

1. Plaintiff's argument on appeal relates only to the third cause of action in the complaint. Thus, any appeal relating to the first and second causes of action has been abandoned, as confirmed by counsel for plaintiff at oral argument (*see Yankee Lake Preserv. Assn., Inc. v Stein*, 68 AD3d 1603, 1604 n 4 [2009]).

December 2002, plaintiff was removed as an officer and director of one of the corporations. Shortly thereafter, his mother and the corporations commenced an action against him for, among other things, mismanagement and misappropriation of corporate funds. Defendant was the attorney of record for plaintiff's mother and the corporations in that action. Plaintiff then commenced this action alleging, as pertinent here, that defendant committed legal malpractice. In the complaint, plaintiff alleged that he had previously sought legal advice from defendant concerning business issues between plaintiff and his mother and, in doing so, he had discussed confidential legal and personal matters with defendant. Plaintiff asserted that defendant then used such confidential information against him in commencing the action on behalf of his mother and the corporations, as a result of which he had suffered damages.

In order to recover for legal malpractice, plaintiff must demonstrate that defendant " 'failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession' " (*Bixby v Somerville*, 62 AD3d 1137, 1139 [2009], quoting *Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303-304 [2001]) and that plaintiff was damaged as a result of such negligence (*see Bixby v Somerville*, 62 AD3d at 1139). Nonetheless, as the proponent of a motion for summary judgment, defendant had the initial burden of establishing his prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Defendant met this burden by proffering defendant's sworn affidavit, alleging that his firm had represented plaintiff's mother and the corporations prior to his representation of plaintiff—which consisted only of the incorporation of a business owned by plaintiff—and that no conflict of interest existed. In addition, defendant provided plaintiff's bill of particulars and asserts that it fails to specifically identify any personal or confidential information used by defendant against plaintiff or any damages suffered by plaintiff.[2] Thus, the burden shifted to plaintiff to raise a question of fact requiring a trial (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]).

Plaintiff's only opposition to defendant's cross motion was an attorney affirmation and various documents which, as relevant

---

2. Although we note that the bill of particulars does contain allegations as to damages, even if such allegations were legally sufficient, the bill of particulars is verified by plaintiff's attorney and is not sworn to by plaintiff.

to this appeal, consisted primarily of billing records. Inasmuch as plaintiff failed to proffer any sworn allegations of an individual with personal knowledge of the relevant facts and the documents submitted were not in admissible form, his opposition was insufficient to sustain his burden of raising a triable issue of fact to defeat defendant's entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d at 327; *Zuckerman v City of New York*, 49 NY2d at 562; *Bixby v Somerville*, 62 AD3d at 1139; *Polyglycoat Ctr. of Conn. v Arace's Ford*, 126 AD2d 844, 845 [1987]). Accordingly, Supreme Court properly granted defendant's cross motion for summary judgment dismissing the complaint.

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.