Stein, J.
Appeal from an order of the Supreme Court (Lynch, *1203 J.), entered December 19, 2013 in Albany County, which denied defendant’s motion for, among other things, summary judgment dismissing the complaint.
Plaintiff Gary Arnold (hereinafter plaintiff) was charged by indictment with various counts of sex-related crimes for which defendant was retained to represent him. Following a trial in 2009, plaintiff was convicted of all counts and, thereafter, defendant’s representation was discontinued and different appellate counsel was retained. On appeal, this Court determined, among other things, that plaintiff did not receive the effective assistance of counsel, reversed the judgment of conviction and remitted the matter for a new trial (People v Arnold, 85 AD3d 1330, 1332 [2011]). Upon the People’s decision not to reprosecute plaintiff, the indictment was dismissed.
Plaintiff and his wife, plaintiff Joanne Arnold (hereinafter Arnold), subsequently commenced this legal malpractice action against defendant. After answer, defendant moved for summary judgment dismissing the complaint, which motion Supreme Court denied. Defendant now appeals and we modify.
Initially, we agree with defendant’s assertion that Supreme Court should have dismissed Arnold’s claims because there was no attorney-client relationship between her and defendant upon which a legal malpractice claim can be based. A legal malpractice claim requires the existence of an attorney-client relationship (see Huffner v Ziff, Weiermiller, Hayden & Mustico, LLP, 55 AD3d 1009, 1011 [2008]; Peak v Bartlett, Pontiff, Stewart & Rhodes, P.C., 28 AD3d 1028, 1030 [2006]; Tabner v Drake, 9 AD3d 606, 609 [2004]). Here, the complaint alleges that plaintiff retained defendant to act as his attorney to defend him against the criminal charges. It does not allege an attorney-client relationship between Arnold and defendant; the entirety of Arnold’s claim is derivative in nature. Thus, even when we accept as true the facts alleged in the complaint and accord plaintiffs the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we are of the view that the claims asserted by Arnold fail to state a cause of action for legal malpractice and should have been dismissed (see United States Fire Ins. Co. v Raia, 94 AD3d 749, 751 [2012]). Moreover, even if we were to look beyond the four corners of the complaint and consider Arnold’s affidavit in opposition to defendant’s motion, we would find that she did not have a cognizable claim based upon an attorney-client relationship with defendant.
Turning to defendant’s summary judgment motion as against plaintiff, in addition to showing an attorney-client relationship, a legal malpractice claim also requires a “demonstrat[ion] that *1204 the attorney ‘failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession’ and that the attorney’s breach of this duty proximately caused [the] plaintiff to sustain actual and ascertainable damages” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301 [2002]; accord Geraci v Munnelly, 85 AD3d 1361, 1362 [2011]; see Meralla v Goldenberg, 89 AD3d 645, 646 [2011]; Maddux v Schur, 16 AD3d 873, 874 [2005]; Tabner v Drake, 9 AD3d at 609). To be entitled to summary judgment dismissing the complaint, a defendant must “present evidence in admissible form establishing that plaintiff is unable to prove at least one of these elements” (Geraci v Munnelly, 85 AD3d at 1362 [internal quotation marks and citation omitted]). Inasmuch as defendant has not proffered any expert evidence with respect to whether his actions met the accepted standard of care, the issue before us distills to whether defendant met his threshold burden as to the element of either proximate cause or damages.
In a legal malpractice claim, proximate cause is established by demonstrating that “but for the attorney’s negligence, [the plaintiff] would have prevailed in the underlying matter or would not have sustained any ascertainable damages” (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 115 AD3d 228, 236-237 [2014] [internal quotation marks and citation omitted]; accord Brooks v Lewin, 21 AD3d 731, 734 [2005], lv denied 6 NY3d 713 [2006]; see Tabner v Drake, 9 AD3d at 610; see also Gioeli v Vlachos, 89 AD3d 984, 985 [2011]; Bishop v Maurer, 33 AD3d 497, 498 [2006], affd 9 NY3d 910 [2007]). Stated differently, “[t]he test is whether a proper defense would have altered the result of the prior action” (Carmel v Lunney, 70 NY2d 169, 173 [1987] [internal quotation marks and citation omitted]) which, in the context of a criminal action, requires proof that the criminal defendant would not have been convicted (see Britt v Legal Aid Socy., 95 NY2d 443, 446 [2000]). Further, “[f]or malpractice actions arising from allegations of negligent representation in a criminal matter, the plaintiff must have at least a colorable claim of actual innocence” (Dombrowski v Bulson, 19 NY3d 347, 350-351 [2012]; see Britt v Legal Aid Socy., 95 NY2d at 446-447). We find that a colorable claim has been demonstrated here based upon plaintiffs expressed assertions of innocence, together with our reversal of the judgment of conviction, as well as the District Attorney’s decision not to reprosecute plaintiff and the consequent dismissal of the indictment (see generally Carmel v Lunney, 70 NY2d at 173).
Although defendant acknowledges some errors in his repre *1205 sentation of plaintiff and offers explanations for his trial strategies and failures, he argues nevertheless that none of his deficiencies caused plaintiffs conviction. We reject defendant’s assertion that our previous determination that the conviction was in accord with the weight of the evidence precludes a finding that plaintiff would not have been convicted in the absence of defendant’s alleged deficiencies. Our evaluation of the weight of the evidence was based upon the evidence as it was presented to the jury and does not resolve the question of whether plaintiff would have been convicted had counsel been effective. Similarly, defendant’s argument that plaintiffs conviction was based on the jury’s finding that the victim was credible, and not on his own failures, ignores the fact that this Court expressly found defendant’s representation to be ineffective, in part, because he did not sufficiently challenge the victim’s credibility or impeach the victim with her prior inconsistent statements — actions that were essential to mount an effective defense precisely because “the People’s case rested almost entirely upon the credibility of the victim” (People v Arnold, 85 AD3d at 1333).
In addition, in reversing the judgment of conviction, we noted, among other things, defendant’s “directionless and largely ineffective” questioning of plaintiffs own witnesses, as well as the fact that defendant elicited testimony from those witnesses which served to bolster the People’s case (id. at 1334). Defendant’s motion is devoid of competent proof establishing that plaintiff would have been convicted, even in the absence of the multiple deficiencies that were described. Thus, although we recognize that, inasmuch as plaintiff was not retried and acquitted it may be difficult for him to ultimately meet his burden of establishing at trial that he would not have been convicted in the absence of defendant’s negligence (see Britt v Legal Aid Socy., 95 NY2d at 446-447), we find that defendant failed to meet his prima facie burden on this motion of establishing a lack of proximate cause (compare Bixby v Somerville, 62 AD3d 1137, 1139 [2009]). Therefore, the burden never shifted to plaintiff to demonstrate a triable issue of fact.
Nor has defendant met his initial burden of establishing plaintiffs inability to prove damages. Contrary to defendant’s argument, plaintiff has sufficiently alleged pecuniary damages (see Dombrowski v Bulson, 19 NY3d at 350-351; Brownell v LeClaire, 96 AD3d 1336, 1338 [2012]), i.e., damages that “compensate the victim for the economic consequences of the injury” (Wilson v City of New York, 294 AD2d 290, 292 [2002] [internal quotation marks and citation omitted]). We have examined defendant’s remaining contentions and find them to be lacking in merit.
*1206 Peters, P.J., Garry and Egan Jr., JJ, concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendant’s motion as sought dismissal of all claims asserted by plaintiff Joanne Arnold; motion granted to that extent and said plaintiffs claims dismissed; and, as so modified, affirmed.